# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSIE BOPARAI, M.D., | 1:09cv01164 AWI DLB |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO INCLUDE DR. DEAN NORMAN AS A DEFENDANT<br>(Document 18) |
| v. | |
| ERIC K. SHINSEKI, Secretary of Veterans Affairs, United States Department of Veterans Affairs, | |
| Defendant. | |

On April 19, 2010, Plaintiff Rosie Boparai, M.D., filed the instant motion to include Dr. Dean Norman as a Defendant. The matter was heard on April 30, 2010, before the Honorable Dennis L. Beck, United States Magistrate Judge. Plaintiff Rosie Boparai, M.D., telephonically appeared in pro per. Jeffrey Lodge, Assistant United States Attorney, appeared on behalf of Defendant Eric K. Shinseki, Secretary of Veterans Affairs, United States Department of Veterans Affairs ("Defendant").

## **BACKGROUND**

On July 6, 2009, Plaintiff, proceeding pro se, filed the instant complaint. Plaintiff seeks relief pursuant to Title VII, claiming retaliation for "prior EEOC" activity. Complaint, p. 1.

On January 13, 2010, Defendant filed an answer to the complaint.

On February 9, 2010, the parties filed a joint scheduling report. In the report, Plaintiff indicated that she wished to add Dr. Dean Norman as defendant to the action in his official

1

capacity as the Chief of Staff of Greater Los Angeles Healthcare.  Plaintiff also reserved her right to include any individuals who conspired in any way.  The United States contended that the Secretary of Veterans Affairs, in his official capacity, is the only proper defendant under Title VII.

On February 17, 2010, the Court issued a Scheduling Order, setting the non-expert discovery deadline as September 16, 2010, and the expert discovery deadline as December 16, 2010.

On April 19, 2010, Plaintiff filed the instant motion to include Dr. Dean Norman, Chief of Staff at Veterans Affairs Medical Center of Greater Los Angeles Healthcare System in Los Angeles, CA, as a defendant in his official capacity.

On April 28, 2010, Defendant filed an opposition to the motion.

## **DISCUSSION**

A.   Legal Standard

Plaintiff essentially seeks to amend the complaint to name Dr. Norman as a defendant in his official capacity.  Federal Rule of Civil Procedure 15(a) provides that the Court "should freely give leave [to amend] when justice so requires."  The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962).  The Ninth Circuit has summarized the factors to be considered to include the following: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment.  Loehr v. Ventura County Cmty. Coll. Dist., 743 F.2d 1310, 1319 (9th Cir. 1984).  Granting or denial of leave to amend rests in the sound discretion of the trial court.  Swanson v. United States Forest Serv., 87 F.3d 339, 343 (9th Cir. 1996).  Despite the policy favoring amendment under Rule 15, leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal.  Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991).

B.     Analysis

Defendant argues that the only proper defendant is the Secretary of Veterans Affairs in his official capacity, who already has been named and served. Section 717(c) of Title VII allows a civil action by an aggrieved federal employee "in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant." 42 U.S.C. § 2000e-16(c); see also Cooper v. USPS, 740 F.2d 714, 715 (9th Cir. 1984) (affirming dismissal of Title VII complaint where plaintiff did not sue head of the agency); Easterly v. Department of Army, 2008 WL 2054798, *6 (E.D.Cal. May 9, 2008) (only proper defendant for federal employee's action pursuant to Title VII was Secretary of the Army as head of department); DiJorio v. Sec'y of Veterans Affairs, 1993 WL 313158, *1 (N.D.Cal. 1993) (under Title VII, the only proper defendant was head of appropriate agency, Secretary of Veterans Affairs). Here, the defendant properly named and served is the Secretary of Veterans Affairs in his official capacity. Plaintiff does not explain who Dr. Norman is, his connection to this case, or why he was not named in the original complaint. The complaint contains no allegations specifically identifying him. In the absence of any new facts or contrary authority, there is no basis to add Dr. Dean Norman as a defendant to this action and the proposed amendment is unnecessary and futile.

## ORDER

For the reasons discussed above, Plaintiff's motion to include Dr. Dean Norman as a defendant is DENIED.

IT IS SO ORDERED.

Dated:   **May 2, 2010**          /s/ **Dennis L. Beck**
                                  UNITED STATES MAGISTRATE JUDGE