# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSIE BOPARAI, M.D., | 1:09cv01164 AWI DLB |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO STRIKE JURY DEMAND (Document 16) |
| v. | |
| ERIC K. SHINSEKI, Secretary of Veterans Affairs, United States Department of Veterans Affairs, | ORDER DENYING PLAINTIFF'S MOTION TO REQUEST JURY TRIAL (Document 17) |
| Defendant. | |

On March 19, 2010, Defendant Eric K. Shinseki, Secretary of Veterans Affairs, United States Department of Veterans Affairs ("Defendant") filed a motion to strike jury demand. On April 19, 2010, Plaintiff Rosie Boparai, M.D., filed a motion to request jury trial. The motions were heard on April 30, 2010, before the Honorable Dennis L. Beck, United States Magistrate Judge. Jeffrey Lodge, Assistant United States Attorney, appeared on behalf of Defendant. Plaintiff Rosie Boparai, M.D., telephonically appeared in pro per.

## **BACKGROUND**

On July 6, 2009, Plaintiff, proceeding pro se, filed the instant complaint against Defendant Eric K. Shinseki, Secretary of Veterans Affairs, United States Department of Veterans Affairs. Plaintiff seeks relief pursuant to Title VII, claiming discrimination due to race, color, religion, sex, national origin or reprisal. The crux of Plaintiff's complaint is retaliation for prior

"EEOC" activity. As relief, Plaintiff requests "appropriate actions against individuals involved" and undisclosed monetary compensation. See Complaint.

On January 13, 2010, Defendant filed an answer to the complaint.

On February 9, 2010, the parties filed a joint scheduling report. In the report, Defendant asserted that a jury trial was not appropriate because Plaintiff failed to make a proper demand pursuant to Fed. R. Civ. P. 38(b) and Local Rule 201. At the conference, the Court advised the parties that it would consider the issue upon submission of a motion.

On February 17, 2010, the Court issued a Scheduling Order, which set a jury trial for June 3, 2011.

On March 19, 2010, Defendant filed the instant motion to strike the jury demand.

On April 19, 2010, Plaintiff filed an untimely opposition to the motion. Local Rule 230(c). Plaintiff also filed a separate "motion" for jury trial. The Court permitted Defendant to file a response to Plaintiff's motion by April 28, 2010, and consolidated the hearings on the two motions.

On April 23, 2010, Defendant filed a reply to Plaintiff's opposition. Defendant noted that the opposition was untimely and asserted that Plaintiff was not entitled to be heard at oral argument. Local Rule 230(c).

On April 28, 2010, Defendant also filed a response to Plaintiff's motion for jury trial.

## DISCUSSION

Defendant contends that Plaintiff failed to make a timely jury demand. At the time Plaintiff filed her complaint, Fed. R. Civ. P. 38(b) stated:

> On any issue triable of right by a jury, a party may demand a jury trial by:
> (1) serving the other parties with a written demand–which may be included in a pleading–no later than 10 days after the last pleading directed to the issue is served; and
> (2) filing the demand in accordance with Rule 5(d).

Fed. R. Civ. P. 38(b).[1] If the demand is not properly served and filed, a jury trial is waived. Fed. R. Civ. P. 38(b). Here, the complaint does not contain a request for jury trial. Although Plaintiff

---

[1] Effective December 1, 2009, the time was extended from 10 to 14 days.

noted a request for jury trial on the civil cover sheet, this is insufficient.  See Wall v. National R.R. Passenger Corp., 718 F.2d 906, 909 (9th Cir. 1983) (checking the jury demand box on the civil cover sheet is insufficient to meet the requirements of rule 38(b)); Local Rule 201 ("Any notation on the civil cover sheet...concerning whether a jury trial is or is not demanded, shall not constitute a demand for a jury trial under these Local Rules.").

In her opposition, Plaintiff contends that the Court has latitude in allowing a jury trial pursuant to Rule 39(b) of the Federal Rules of Civil Procedure, and she concurrently moved for a jury trial.  Rule 39(b) provides:

> Issues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded.

Fed. R. Civ. P. 39(b).  However, the district court's discretion under Rule 39(b) "is narrow and 'does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence' such as a good faith mistake of law with respect to the deadline for demanding a jury trial." Zivkovic v. Southern Cal. Edison Co., 302 F.3d 1080, 1086 (9th Cir. 2002) (citation omitted).  This is true even in the case of a pro se complainant who is unaware of the requirements of Rule 38(b). Id. at 1087 (good faith mistake by pro se plaintiff as to deadline for demanding a jury trial amounted to inadvertence and was not a sufficient basis to grant relief from untimely jury demand); see also Kulas v. Flores, 255 F.3d 780, 784 (9th Cir. 2001) (pro se plaintiff waived jury trial by failing to file timely demand).

**ORDER**

For the reasons discussed above, Defendant's motion to strike jury demand is GRANTED.  Plaintiff's related motion to request jury trial is DENIED.

IT IS SO ORDERED.

Dated:   **May 2, 2010**                    **/s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE