IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSIE BOPARAI, M.D., <br><br> Plaintiff, <br><br> v. <br><br> ERIC K. SHINSEKI, et. al, <br><br> Defendants. | Case No.: 1:09-cv-01164 AWI JLT <br><br> ORDER DENYING PLAINTIFF'S MOTION TO EXTEND DISCOVERY TIME <br><br> ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND TIME FOR DISCLOSURE OF EXPERTS <br><br> (Docs. 28, 34, 35, 38, 41) |

In this Title VII action, Dr. Rosie Boparai alleges that she was subject to retaliation for filing an EEOC complaint. (Doc. 1) On February 17, 2010, the Court issued its Scheduling Order setting forth the various deadlines for the case's management. (Doc. 14) Notably, in their joint statement, the parties sought a non-expert discovery cutoff date of August 1, 2010 (although Plaintiff desired a later date), expert disclosure on September 1, 2010 and expert discovery deadline on December 1, 2010. (Doc. 12) However, the Court provided more liberal time frames and ordered non-expert discovery to be completed by September 16, 2010, expert disclosure to occur on September 30, 2010 and that the expert discovery deadline to be December 16, 2010. (Doc. 14)

A. <u>Scheduling orders must be diligently observed</u>

Pursuant to Fed. R. Civ. P. 16(b)(3), district courts must enter scheduling orders to establish

1

deadlines for, among other things, "to file motions" and "to complete discovery." Scheduling orders may also "set dates for pretrial conferences and for trial." Fed. R. Civ. P. 16(b)(4). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). The scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d).

Scheduling orders "are the heart of case management," Koplve v. Ford Motor Co., 795 F.2d 15, 18 (3 Cir. 1986), and are intended to alleviate case management problems. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992). A "scheduling conference order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril."Id. at 610. In Johnson, 975 F.2d at 609, the Ninth Circuit Court of Appeals explained,

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . . Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. . . . [T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

To demonstrate good cause to extend the discovery cut-off date, Plaintiff must establish that she acted diligently in pursuing discovery within the time frame established by the court in the Scheduling Order. Johnson, 975 F.2d at 609.

Likewise, Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999); see Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D. W.Va. 1995). In addressing the diligence requirement, this Court has noted,

> Accordingly, to demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that she was diligent in assisting the Court in creating a workable Rule 16 order, see In re San Juan Dupont, 111 F.3d at 228; (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference, see Johnson, 975 F.2d at 609; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order, see Eckert Cold Storage, 943 F.Supp. at 1233.

Jackson, 186 F.R.D. at 608.

///

B.     Motion to extend discovery

Dr. Boparai seeks an extension of time in which to conduct non-expert discovery. To support this request, she asserts that Defendant's failure to produce key documents, including the peer review documents and the medical record of the patient at issue, that she has been unable to conduct further discovery. (Doc. 41 at 2)

Dr. Boparai admits that her July 30, 2010 discovery request was the first discovery of any kind that she sought in this case. (Doc. 41 at 1) This is despite that the Scheduling Order that was issued on February 17, 2010, which began the discovery period. Thus, for more than five months, Plaintiff failed to conduct discovery.

Given that Dr. Boparai's complaint is based upon her contention that her medical treatment of the patient at issue was proper, she had to know that obtaining the patient's medical record was crucial to the preparation of her case. As a medical doctor, she has to know that patient records are confidential and that Defendant would be required to assert the patient's privacy interests. Nevertheless, she delayed until July 30, 2010 to seek these records. (Doc. 41 at 1) In this same discovery request, she sought the peer review documents. Importantly, in the parties' joint scheduling conference report, Defendant outlined that the peer review documents were confidential and could not be disclosed. (Doc. 12 at 5) The joint statement reads, "The United States contends that disclosure of peer review documents is prohibited by 38 U.S.C. § 5705 and the GLA Peer Review Policy." Id. Thus, Plaintiff could not have believed that Defendant would disclose these documents absent Court intervention and, as expected, she was forced to file a motion to compel production of these documents.

The timing of Plaintiff's first written discovery request meant that responses thereto would not be due until early September. (Doc. 41 at 1). Because the discovery deadline was September 16, 2010, by the time she received the responses to her first set of discovery, she had lost her ability to timely propound any additional written discovery and was severely limited as to the discovery she could seek timely.

Moreover, Plaintiff filed her notice of motion to extend the discovery deadline on September 10, 2010, a mere six days before the non-expert discovery deadline on September 16, 2010. (Doc. 28) In Hardy v. County of El Dorado, 2008 U.S. Dist. LEXIS 75925 at *4 (ED CA Aug. 20, 2008), the Court

1  rejected a motion to extend the discovery cut-off, filed three days before the discovery cut-off, as lacking
2  in diligence.  The Court held, "Indeed, requesting the Court to modify the Scheduling Order to extend
3  the discovery cut-off date three days before the deadline does not constitute diligence." Id.  Thus, if filing
4  a motion to extend the discovery period made three days before the deadline is not diligence, it follows
5  that filing a mere six days before likewise is not diligent.

6        Because Plaintiff has not demonstrated that she has conducted discovery with diligence and has
7  not sought to amend the scheduling order in a timely fashion, the Court **DENIES** Plaintiff's request to
8  modify the Scheduling Order to allow additional time for non-expert discovery.

9  C.     Motion to extend time to disclose experts

10        Federal Rule of Civil Procedure 26(a)(2)(A) requires parties to disclose the identity of each
11  expert who will testify at trial.  Federal Rule of Civil Procedure (a)(2)(B), requires, without a stipulation
12  or order otherwise, that expert disclosure "be accompanied by a written report — prepared and signed
13  by the witness — if the witness is one retained or specially employed to provide expert testimony in the
14  case or one whose duties as the party's employee regularly involve giving expert testimony." The expert
15  report must contain, among other things, "a complete statement of all opinions the witness will express
16  and the basis and reasons for them" and "the data or other information considered by the witness in
17  forming them." Fed.R.Civ.P. 26(a)(2)(B)(i), (ii).  "A party must make these disclosures at the times and
18  in the sequence that the court orders." Fed.R.Civ.P. 26(a)(2)(C).

19        This Court set a September 30, 2010 deadline for expert disclosures and reports and required
20  compliance with Fed.R.Civ.P. 26(a)(2)(A) and (B), including "all information required thereunder." The
21  Scheduling Order admonished that failure to comply with expert disclosure requirements "will result
22  in the imposition of appropriate sanctions, which may include the preclusion of testimony and other
23  evidence offered through the expert witness."

24        A party failing to satisfy expert disclosure requirements "is not allowed to use that information
25  or witness to supply evidence . . . at trial, unless the failure was substantially justified or is harmless."
26  F.R.Civ.P. 37(c)(1). "Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any
27  information required to be disclosed by Rule 26(a) that is not properly disclosed." Yeti by Molly, Ltd.
28  v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001). "[E]ven absent a showing in the record

of bad faith or willfulness, exclusion is an appropriate remedy for failing to fulfill the required disclosure requirements of Rule 26(a)." Id. The exclusion sanction is "self-executing" and "automatic" to "provide[] a strong inducement for disclosure of material." Id. (quoting F.R.Civ.P. 37 advisory committee's note (1993)).

Here, Plaintiff seeks an extension of time within which to disclose her expert witness. She explains that she has been unable to retain an expert because she has not received a copy of the patient's medical record (granted in the Court's order (Doc. 55) dated November 12, 2010). Though the Court has found that Plaintiff has not diligently pursued discovery, it does not impute any ill motives to Dr. Boparai. There is no evidence that Dr. Boparai has delayed in designating an expert to gain a tactical advantage and it appears that she has failed to do so based upon her faulty understanding of her discovery obligations.

The Court is aware also that without a medical expert, Plaintiff may be unable to prove her case and, effectively, an order prohibiting late disclosure could very well prove to be her case's death knell. In light of the fact that the expert discovery deadline will not pass for a month and the lack of any evidence that Dr. Boparai has acted in bad faith, the Court finds there would be little prejudice to Defendant if the Court permits the late disclosure of Plaintiff's expert.

Therefore, Plaintiff's motion to extend the deadline for expert disclosure is **GRANTED**. Plaintiff will disclose her experts in writing and in full compliance with Fed.R.Civ.P. 26(a)(2)(A) and (B) no later than December 3, 2010. Plaintiff is **ORDERED** to make her expert available for deposition no later than December 21, 2010, or on other date agreeable to the Defendant. The Court **ORDERS** the Scheduling Order amended to reflect that the revised expert discovery deadline on December 31, 2010.

**ORDER**

Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's motion to extend the non-expert discovery deadline in **DENIED**;
2. Plaintiff's motion to extend the expert disclosure deadline in **GRANTED**.
   a. Plaintiff is **ORDERED** to make her expert disclosure via facsimile or by overnight mail so that it is received by Defendant no later than December 3, 2010. Her expert disclosure must be in writing and in full compliance with

Fed.R.Civ.P. 26(a)(2)(A) and (B), including the expert report requirement.

  b.  Plaintiff is **ORDERED** to make her expert(s) available for deposition no later than December 21, 2010, or on other date agreeable to Defendant.

 3.  The Court **ORDERS** the Scheduling Order amended to reflect that the revised expert discovery deadline on December 31, 2010.

IT IS SO ORDERED.

Dated: **November 12, 2010**         /s/ Jennifer L. Thurston
                     UNITED STATES MAGISTRATE JUDGE