IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSIE BOPARAI, M.D., | ) Case No.: 1:09-cv-01164 AWI JLT |
| | ) |
| Plaintiff, | ) ORDER DENYING PLAINTIFF'S MOTION |
| | ) FOR RECONSIDERATION |
| v. | ) |
| | ) (Doc. 57) |
| | ) |
| ERIC K. SHINSEKI, et. al, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

I.      **Background**

         Dr. Rosie Boparai, a medical doctor, alleges that she was subject to retaliation for filing an EEOC complaint, in violation of Title VII.   (Doc. 1) She asserts that her treatment of a patient was subject to a peer review, at the conclusion of which the reviewers determined that "most experienced, competent practitioners might have managed the case differently."

         On November 12, 2010, the Court issued an order granting in part and denying in part Plaintiff's motion to compel responses to document production requests.  (Doc. 55) In that order, the Court denied Plaintiff's request that Defendant be ordered to produced the confidential documents developed during the peer review process.  Id.  In addition, on November 16, 2010, the Court denied Dr. Boparai's request for an extension of the discovery deadline.  (Doc. 56) The Court refused Dr. Boparai's request because she failed to demonstrate good cause to do so in that she did not show that she had acted diligently in

1  completing discovery.

2  **II.      Motion to Reconsider**

3        In her current motion (Doc. 57), Dr. Boparai requests the Court reconsider its November 12 and

4  November 16, 2010, orders.  Though the Court has the power to reconsider its own orders at any time

5  prior to entry of judgment and is not precluded from doing so by the law of the case doctrine, United

6  States v. Smith, 389 F.3d 944, 949 (9th Cir. 2004) (citing City of Los Angeles v. Santa Monica

7  Baykeeper, 254 F.3d 882, 888-89 (9th Cir. 2001)), Federal Rule of Civil Procedure 60(b)(6), which

8  allows the Court to relieve a party from an order for any reason that justifies relief, "is to be used

9  sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where

10  extraordinary circumstances . . ." exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal

11  quotations marks and citation omitted).  "[R]econsideration should not be granted, absent highly unusual

12  circumstances, unless the district court is presented with newly discovered evidence, committed clear

13  error, or if there is an intervening change in the controlling law."  Marlyn Nutraceuticals, Inc. v. Mucos

14  Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations

15  omitted).  It "may *not* be used to raise arguments or present evidence for the first time when they could

16  reasonably have been raised earlier in the litigation."  Id. (emphasis in the original).

17        In her motion for reconsideration, Dr. Boparai challenges the Court's determination denying her

18  discovery of the peer review documents and the Court's refusal to extend the discovery deadline.

19        **A.      Peer Review Documents**

20        In her motion for reconsideration, Dr. Boparai again requests the Court order disclosure of the

21  peer review documents.  In support, Dr. Boparai cites to the fact that as the treating physician she was

22  entitled to have "access" to the records.  The Court agrees and analyzed the impact of this right to access

23  in footnote 3 of the Court's order.  (Doc. 55 at 4, n. 3) The Court determined that the fact that she is

24  entitled to have access to the documents does not vest Dr. Boparai with the authority to receive copies

25  of the documents or to use them in this litigation.  Id.

26        On the other hand, Dr. Boparai argues that Defendant failed to comply with the requirements of

27  the peer review process and by doing so, failed to fulfill the goal of the program which is to improve the

28

2

1   quality of medical care provided by the VA. (Doc. 57)  Toward this end, Dr. Boparai notes that she was

2   not given access to the confidential quality improvement documents, she was not given feedback about

3   how she could have improved the medical care she provided to the patient at issue, she was denied an

4   appeal from the peer review determinations and her request for peer reviewers to be selected from

5   outside the GLA facility was denied.  Id. at 3-5.  Each of these alleged failures, if proven, go to the

6   merits of Dr. Boparai's claim that the peer review process was taken as retaliation for her earlier EEOC

7   complaint.  However, none justify the invasion into the confidentiality of the peer review process.

8          Dr. Boparai argues that these deficiencies, most notably using the peer review process in a

9   punitive manner, means that "Title 38 § 5705 is no longer applicable and GLA cannot claim the Title

10  38 § 5705 privilege."  Id. at 3-4.  However, Dr. Boparai cites no authority for this proposition and fails

11  to appreciate that 38 U.S.C. § 5705 is not only an evidentiary privilege; it is also a dictate that the

12  documents are confidential.  ("Records and documents created by the Department as part of a medical

13  quality-assurance program . . . are **confidential and privileged** and may not be disclosed to any person

14  or entity except as provided in subsection (b) of this section." 38 U.S.C. § 5705, emphasis added.)

15  Notably, there is no discretion vested in the Secretary of Veterans' Affairs to choose to disclose records

16  in a manner that is inconsistent with the statute.  Instead, all disclosures that are inconsistent with the

17  section subjects the person making the wrongful disclosure to punishment.  ("Any person who . . .

18  willfully discloses such record or document except . . . shall be fined not more than $ 5,000 in the case

19  of a first offense and not more than $ 20,000 in the case of a subsequent offense.") 38 U.S.C. § 5705(e).

20  Thus, the Court finds no basis to presume that the confidentiality cloaked upon these records by 38

21  U.S.C. § 5705 has been waived or could be.

22         Moreover, Dr. Boparai's arguments about the failure of Defendant to allow her to appeal the peer

23  review decision, to appoint "outside" peer reviewers and to provide her feedback about the patient's care

24  are mere repeats of those raised in her motion to compel.  (Docs. 48 at 2-3; 49 at 2-3) As to the other

25  arguments raised here, these were addressed by the Court in its order despite that Dr. Boparai could have

26  raised them in her motion but did not.

27         In essence, Dr. Boparai is asking the Court to rethink what it has already spent considerable time

28  thinking through, without providing any proper grounds for the motion for reconsideration.  Thus, the

1    Court **DENIES** the motion for reconsideration as to the peer review documents.

2    **B.      Extension of the Discovery Deadline**

3    In her motion for reconsideration, Dr. Boparai argues that it was Defendant's failures that has

4    caused her to be unable to complete discovery.  (Doc. 57 at 6)  She argues that Defendant failed to

5    provide the documents that she needed and, instead, objected to her requests based upon privileges.  Id.

6    She claims that Defendant engaged in "delay tactics" to preclude her from taking depositions with the

7    documents in hand.[1]  These are the same arguments that Dr. Boparai advanced in her motion to compel.

8    In re-arguing these same positions, Dr. Boparai ignores completely the Court's analysis and the

9    underlying legal authority for its decision to deny her additional discovery time.  (Doc. 56 at 3-4)  In its

10   order, the Court made clear that it was Plaintiff's failure to conduct discovery in a timely fashion that

11   placed her in the position she finds herself.  The Court observed that Dr. Boparai knew that the patient's

12   records were confidential so that she should have known that they would not be disclosed without a court

13   order.  Given that she knew that she needed the records to conduct depositions, she has failed to explain

14   in any fashion why she chose to wait five months before requesting that they be produced.  This is not

15   diligence.  Thus, Plaintiff failed to demonstrate good cause to modify the scheduling order.

16   In her current motion, Dr. Boparai has failed to provide any new argument or legal authority for

17   her request for reconsideration related to the discovery deadline.  Thus, the Court **DENIES** the motion

18   for reconsideration in this regard.

19   **III.    Conclusion**

20   For the reasons set forth, the motion for reconsideration is **DENIED**.

21

22   IT IS SO ORDERED.

23   Dated:   **December 14, 2010**                                    **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE
24

25

26

27   _____

[1]When Defendant responded to the production request on September 1, 2010, this left only 15 days until the
28   discovery cut-off.  While theoretically possible, it is improbable that this left Dr. Boparai sufficient time to issue deposition
     notices and/or subpoenas and have them served in time to take the depositions before the deadline.

4