UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSIE BOPARAI, M.D., | CASE NO. 1:09-CV-1164 AWI JLT |
| Plaintiff, | ORDER RE: MOTION TO REOPEN DISCOVERY |
| v. | |
| ERIC SHINSEKI, Secretary of Veterans Affairs, United States Department of Veterans Affairs, | |
| Defendant. | |

### I. History

Plaintiff Rosie Boparai, MD, is a doctor working for Defendant Department of Veteran's Affairs. On July 13, 2006, she saw a patient at a Bakersfield clinic for a rash. Her diagnosis was that the condition was dermatitis and prescribed a topical steroid cream. Plaintiff saw the patent again on September 28, 2006. The patient was seen on October 27, 2006 by another doctor at a Veteran's Affairs facility in Los Angeles. The patient was diagnosed with skin cancer and later died of the disease. A peer review proceeding was initiated which concluded that other doctors might have diagnosed and treated the patient differently than Plaintiff.

Plaintiff had filed an unrelated complaint with the Equal Employment Opportunity Commission in 2006. After the peer review, Plaintiff filed another complaint alleging retaliation for the prior EEOC activity. This lawsuit arises out of the claim of retaliation. Plaintiff is proceeding pro se. Discovery has closed and Defendant has filed a motion for summary

1

judgment. Now, Plaintiff has filed a motion under Fed. Rule Civ. Proc. 56(d) seeking to reopen discovery. Defendant opposes the motion.

## II. Legal Standards

Fed. Rule Civ. Proc. 56(d) was recently amended to state "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." The language is similar to former Fed. Rule. Civ. Proc. 56(f) and the advisory committee stated that "Subdivision (d) carries forward without substantial change the provisions of former subdivision (f)." Case law discussing the former Fed. Rule. Civ. Proc. 56(f) is applicable to amended Fed. Rule Civ. Proc. 56(d). See, e.g., CareToLive v. FDA, 631 F.3d 336 (6th Cir. 2011).

"[I]mplication and logic require that a Rule 56(f) motion be made prior to the summary judgment hearing," but courts must rule on timely motions prior to granting summary judgment. Ashton-Tate Corp. v. Ross, 916 F.2d 516, 520 (9th Cir. 1990). "Under Rule 56(f), an opposing party must make clear what information is sought and how it would preclude summary judgment." Garrett v. San Francisco, 818 F.2d 1515, 1518 (9th Cir. 1987). "Rule 56(f) requires affidavits setting forth the *particular facts* expected from the movant's discovery." Brae Transp., Inc. v. Coopers & Lybrand, 790 F.2d 1439, 1443 (9th Cir. 1986), emphasis added. "A party may be denied "further discovery if the movant has failed diligently to pursue discovery in the past." California Union Ins. Co. v. American Diversified Sav. Bank, 914 F.2d 1271, 1278 (9th Cir. 1990), citing Mackey v. Pioneer Nat'l Bank, 867 F.2d 520, 524 (9th Cir. 1989).

## III. Discussion

The entirety of Plaintiff's legal argument states "Defendant has filed a motion for Summary Judgment and introduced new statements and evidence in the form of affidavits from Dr. Dean C. Norman, Dr. Leonard Kleinman, Dr. Lester J. Jones, Dr. Mary White, and Dr. Lisa Altman (see docket). Plaintiff intends to oppose this motion for summary judgment. Plaintiff has

issues and problems with these affidavits and would like to rebut these affidavits and has a need to cross-examine these affiants (See Declaration of Rosie Boparai, MD). It is within the broad discretion of the judges to re-open discovery to allow cross-examination of these affiants pursuant to FRCP 56(d)(2). Plaintiff motions the court to re-open discovery to allow the above affiants to be cross-examined in the form of interrogatories and depositions." Doc. 74, Motion, at 1:26-34.  In her accompanying declaration, Plaintiff simply states "I have issues with the affidavits submitted with the defendant's motion for summary judgment and believe them to be in bad faith." Doc. 75, Boparai Declaration, at 1:34-35.  There is no indication in the record that Plaintiff has questioned any of these individuals as part of discovery.

Plaintiff has not provided any rationale for why she believes these affidavits were filed in bad faith.  She has not identified any specific statements in the affidavits that are problematic.  A general suspicion of bad faith is insufficient.  "A party may not forestall an unfavorable ruling on a summary judgment motion merely by alleging fraudulent and/or conspiratorial conduct. The burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists." Volk v. D.A. Davidson & Co., 816 F.2d 1406, 1416 (9th Cir. 1987), citing VISA International Service Association v. Bankcard Holders of America, 784 F.2d 1472, 1475 (9th Cir. 1986).

Further, Plaintiff has not provided a good reason for her failure to question these individuals as part of discovery.  In her order denying Plaintiff's motion to extend discovery deadlines, Magistrate Judge Thurston noted that Plaintiff did nothing during the first five and a half months of discovery and made her first discovery request when there was only two and a half months left before the non-expert discovery deadline. See Doc. 56, Nov. 16, 2010 Order, at 3:6-9.  Magistrate Judge Thurston specifically found that Plaintiff did not conduct discovery with diligence. See Doc. 56, Nov. 16, 2010 Order, at 4:6-8; Doc. 61, Dec. 15, 2010 Order, at 4:14-15. Unexcused failure to diligently schedule depositions is not a good reason to reopen discovery. See Brae Transp., Inc. v. Coopers & Lybrand, 790 F.2d 1439, 1443 (9th Cir. 1986) ("the movant cannot complain if it fails to pursue discovery diligently before summary judgment").

## IV. Order

Plaintiff's motion to reopen discovery under Fed. Rule Civ. Proc. 56(d) is DENIED. The schedule for Defendant's motion for summary judgment is postponed one week. Plaintiff must file any opposition by 4:00 PM on March 28, 2011. Defendant may file a reply by 4:00 PM on April 4, 2011. A hearing on the matter is scheduled for 1:30 PM on April 11, 2011.

IT IS SO ORDERED.

Dated: March 17, 2011

CHIEF UNITED STATES DISTRICT JUDGE